LILLIAN F. HOLFERTY, APPELLEE, V. SARAH M. WORTMAN
ET AL., APPELLEES: BRUCE SHURTLEFF, APPELLANT.

283 N. W. 855

FILED FEBRUARY 10, 1939. No. 30458.

*C. Russell Mattson*, for appellant.

*C. S. Wortman, Leyda & Leyda* and *Chambers, Holland & Locke*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This is an appeal from an order of the district court for Cass county, overruling a motion by the appellant, Bruce Shurtleff, to require the sheriff to amend return on order of sale and declare him sole and only lawful bidder at the sale.

Plaintiff, Lilliam F. Holferty, on August 30, 1937, filed a petition, proper in form, to foreclose a tax lien. The only answering defendant was Sarah M. Wortman, who filed an answer alleging that she was the owner and holder of a judgment in the sum of $5,500, rendered October 1, 1936, in the district court for Cass county, in a foreclosure proceeding against Harvey Rathbone and Hazel V. Rathbone, defendants, asking for an accounting and that her judgment for $5,500 and interest be declared superior to all claims of other defendants; that said premises be sold and

she have a deficiency judgment for such sum as shall be due her against defendants Harvey and Hazel V. Rathbone. November 8, 1937, the district court entered a decree in foreclosure, finding that the plaintiff was entitled to the sum of $369.80, with interest, costs and attorney fees, and that defendant Sarah M. Wortman had a junior lien to that of plaintiff in the sum of $5,864.83, granting defendants Rathbone and defendants Hays, who defaulted, 30 days from the entry of decree to pay the plaintiff and the cross-petitioner-defendant the amount of the liens, and, upon failure so to do, said defendants' equity of redemption would be foreclosed. The court found the record title to be in defendant Ralph K. Hays. Defendant Harvey Rathbone claimed title by an unrecorded deed which he received in 1931, and since that time he has had control of the land and rented it to others, receiving the benefits therefrom and paying no taxes thereon. Allen Gillespie, the tenant, was served with summons, and there is a claim made that Glen Keetle was a codefendant with Gillespie and not served with summons, and as to the latter's alleged interest the record is very vague. There are no improvements on the real estate. The oral testimony raises a controversy as to the bid of Sarah M. Wortman; that is, whether it was conditioned upon confirmation and possession.

The affidavit of publication on January 17, 1938, shows that, pursuant to the order of the clerk of the district court, the property would be sold on January 22, 1938, to the highest bidder for cash. The property involved is an 80-acre tract designated as the east half of the northeast quarter of section 17, township 12 north, range 9, east of the 6th P. M., in Cass county. The return of the order of sale shows the premises sold to Sarah M. Wortman, defendant, in the amount of $6,000, using the language "upon confirmation of sale and possession." On January 25, 1938, objections to confirmation were filed by defendants Rathbone, setting forth that the 6,000-dollar bid of Sarah M. Wortman was made, conditioned upon confirmation and possession, and was, therefore, not a lawful bid. On Janu-

ary 29, 1938, the appellant filed a motion to require the sheriff to amend his return by making said return read "that the property was sold to Bruce Shurtleff, * * * for the sum of $3,000, he being the highest and best bidder for cash, for the reason that" he was "the only bidder for cash at said sale, and the only person making an unconditional bid, and that sale was closed after said $3,000 bid had been made and after a purported bid was made by another, said bid being in conditional form and conditioned upon possession of the property." This motion was supported by affidavit. On March 8, 1938, the objections of Harvey and Hazel V. Rathbone to confirmation of sale were overruled, and no appeal taken therefrom. The motion of appellant was overruled.

The court, in its decree of confirmation, confirmed the sale in Sarah M. Wortman, directed the sheriff to place the purchaser in possession of the premises so sold, and stated further: "After having carefully examined the proceedings of the sheriff who made said sale, and being satisfied that said sale has in all respects been made in conformity to law and that the sum of $6,000 bid for said premises by the said defendant, Sarah M. Wortman, was properly accepted and reported and was the fair value of said premises so sold under the circumstances and conditions of said sale."

Appellant assigns as error that the findings and judgment of the court are contrary to the law and the evidence.

The case of *Farmers Security Bank v. Wood*, 132 Neb. 175, 271 N. W. 349, is cited. In that case this court held: "The court should refuse to confirm a sale of lands under execution where it is evident from the notice, return of the sheriff and the decree, upon proper objections filed by parties in interest entitled to raise the question, that the sale was not conducted substantially in the manner prescribed by the notice and in accordance with the decree." The test is whether or not the sale was conducted substantially in the manner prescribed by the notice and in ac-

cordance with the decree. In the opinion it was said (p. 178) : "The only way the officer (in the instant case, the sheriff) having the order of sale can be heard to speak is through his return which must affirmatively show that he complied with the law. *Gundry v. Brown,* 1 Neb. (Unof.) 877, 96 N. W. 610."

With this in mind, we turn to the return to order of sale in the instant case which in part reads: "To Sarah M. Wortman, defendant upon confirmation of sale and possession." The word "condition" does not appear in the order. Obviously, the words, "upon confirmation of sale," are not subject to exception, for, unless the sale is confirmed, no bidder would be obligated. The decree confirming the sale directed the sheriff to place the purchaser in possession of the premises so sold. Without question, decrees of confirmation may so state. The competent evidence, the proceedings relating to the sale, the return thereon, the decree of confirmation, all disclose that the parties treated the bid of Sarah M. Wortman as a *bona fide* bid, in conformity to the notice and decree of the court; that the sale was conducted substantially as prescribed by the notice and in accordance with the decree.

We believe, on the merits of this case, and without discussing the right of appeal from overruling of appellant's motion, which is not contested, that the trial court properly overruled appellant's motion and confirmed the sale.

AFFIRMED.