HERBERT A. GOGER, APPELLEE, v. HERBERT A. VOECKS ET AL., APPELLANTS, IMPLEADED WITH MILTON FREUDENBERG ET AL., APPELLEES.

57 N. W. 2d 621

Filed March 20, 1953. No. 33290.

*Brogan & Brogan* and *Bernard A. Ptak,* for appellants.

*Deutsch & Jewell,* for appellee Goger.

*Moyer & Moyer,* for appellees Freudenberg.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff Herbert A. Goger brought this action to rescind and cancel an exchange of his real estate and promissory note with defendant Herbert A. Voecks for a going common carrier petroleum transport business together with its equipment and state and federal operational permits. Leona E. Voecks was made a party defendant only because she was the spouse of defendant, Herbert A. Voecks, and she is not otherwise involved in this litigation.

Plaintiff substantially alleged in his petition that he was induced to make the exchange by fraudulent representations of defendant Herbert A. Voecks. Insofar as important here, plaintiff alleged that such defendant represented that he owned the petroleum transport busi-

ness together with its equipment and permits; that such business was a going business constantly operating at least two trucks; and that during 1950 it had a gross income of more than $21,000 with net earnings of $7,000 after payment of all expenses and due allowances for depreciation. Plaintiff alleged that such representations were false, the true fact being that such business had a net income for 1950 of only $336.63. He also alleged that such defendant represented that he had a wide experience and knowledge of such business and that the permits to operate the same were worth and had a value of several thousand dollars, when in fact they were mere licenses, unassignable and of no value; that plaintiff, not being otherwise advised concerning such business and relying upon said defendant and the representations aforesaid, made the exchange; and that upon discovery of the fraud about 10 days thereafter, plaintiff immediately elected to rescind, demanded transfer back of his real estate and surrender of his note to him, and offered to transfer and return all of the consideration therefor back to defendants, which was refused. This action followed.

Insofar as important here, defendants' answer denied generally, denied that any false representations were made, but alleged that defendant Herbert A. Voecks merely expressed to plaintiff his opinion, as a prospective statement, that it was possible with good operation to earn a net profit of one-third of gross revenue in such a business of transporting petroleum products for hire. It also alleged that defendants performed as agreed and did all things possible to transfer the permits and help plaintiff retain existing freight hauls for which the equipment had been used, but did not guarantee that he could retain them. It further alleged that the equipment was sold as equipment only; that the real estate exchanged by plaintiff was not worth more than the things he received therefor; and that plaintiff acted in bad faith, thus was not entitled to rescind.

Defendants did not demur to plaintiff's petition, but at the conclusion of all the evidence upon the issues presented, filed a motion for dismissal upon the ground, among others, that plaintiff's petition did not allege that he had "sustained any pecuniary loss or damages, or that the plaintiff was otherwise placed in any worse position than he would have occupied if there had been no alleged fraud." The trial court overruled such motion and found and adjudged the issues generally in favor of plaintiff and against defendants, canceled plaintiff's note, quieted title to the real estate in plaintiff, and ordered rescission and cancellation of the entire transaction, as prayed by plaintiff. Thereafter defendants filed motion for new trial wherein it was alleged, among other things, that the trial court erred in overruling their motion aforesaid made at the conclusion of all the evidence, and that "plaintiff's petition does not state a cause of action." Their motion for new trial was overruled, and defendants appealed, assigning that the trial court erred in so doing and that the judgment was contrary to law. We conclude that such assignment has no merit.

In that connection, there is no bill of exceptions, and in the absence thereof it will be presumed that issues of fact presented by the pleadings were established by the evidence, that they were correctly decided, and in such situation the only issue that will be considered on appeal to this court is the sufficiency of the pleadings to support the judgment. Jones v. City of Chadron, *ante* p. 150, 55 N. W. 2d 495.

In that situation, defendants concede that the controlling issue presented is sufficiency of the petition to allege a cause of action because, as claimed by them, such petition failed to allege that plaintiff suffered any pecuniary loss or damage as a result of the alleged misrepresentations. As hereafter observed, there are well-established rules which control the determination of such issue.

In Bradway v. Higgins, 152 Neb. 724, 42 N. W. 2d 627, this court held: · "Where an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause, the pleading will be liberally construed in the light of the entire record, and, if possible, sustained.

"In such case, if the essential elements of plaintiff's case may be implied by reasonable intendment from the terms of the pleading assailed, they will be regarded as sufficiently alleged." In the light thereof and other applicable rules hereinafter set forth, we have examined the record.

The general rule is that statements as to past or present rents, income, profits, patronage, sales, or earnings of a business are material, and when positively made are representations of fact upon which a charge of fraud may be predicated if the other essential elements of fraud are present. 37 C. J. S., Fraud, § 54, p. 320; Markel v. Moudy, 11 Neb. 213, 7 N. W. 853; Musgrove v. Eskilsen, 127 Neb. 730, 256 N. W. 883. See, also, Annotation, 27 A. L. R. 2d 14.

In that regard, it is generally the rule that in seeking relief for fraud facts must be pleaded showing that the party complaining suffered injury or damages as a result of the fraud charged. However, in Rihner v. Jacobs, 79 Neb. 742, 113 N. W. 220, this court held: "In a petition to cancel a conveyance of real property alleged to have been obtained by false and fraudulent representations, an allegation that the plaintiff, in reliance upon such representations, parted with the title to the land is a sufficient plea that he was damaged by the fraud." Also, in Johnson v. Nebraska Building & Investment Co., 109 Neb. 235, 190 N. W. 590, this court held: "In an action to rescind a contract for fraud, a petition which sets out the facts from which a presumption of damage arises is sufficient to show injury to plaintiff by reason of the fraud." In that opinion it was said: "Regarding the second assignment it is claimed

the petition is faulty in not alleging in so many words that plaintiff was damaged by the false representations; but the petition sets out representations of a character which, if false, would raise a legal presumption of damage. This is sufficient in an action to rescind. Rihner v. Jacobs, 79 Neb. 742."

Again, in Cooper v. Marr, 149 Neb. 211, 30 N. W. 2d 563, following Jakway v. Proudfit, on rehearing, 76 Neb. 67, 109 N. W. 388, this court reaffirmed that: "A purchaser of real or personal property is entitled to the benefit of his bargain, in other words, to receive the identical property purchased; and where the vendor by fraud or false representations has conveyed to him or induced him to accept something not contemplated by his contract, he may rescind the sale and recover what he has paid, without showing that he has sustained any pecuniary injury or damage thereby." Contrary to defendants' contention, the second syllabus in that case has no application here. In the case at bar it will be noted plaintiff alleged that he exchanged his real estate and promissory note for a going petroleum transport business, including its equipment and permits, which business purportedly as represented had earned a net of $7,000 the previous year. In addition he alleged that such representations were false and he received a business which in fact earned a net of only $336.63 for such year. In other words, plaintiff not only alleged that he was fraudulently induced to accept something not contemplated by his contract but he also alleged facts for which a presumption arose that he was damaged thereby.

Cases relied upon by defendants are distinguishable and not controlling here.

For reasons heretofore stated, we conclude that plaintiff's petition did state a cause of action and that the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.