LEONARD F. JUNG, APPELLANT, v. JACK COLE, DOING BUSINESS AS COLE SIGN CO., ET AL., APPELLEES.

165 N. W. 2d 717

Filed March 7, 1969. No. 37099.

John F. McCarthy, for appellant.

Kelly & Kelly, for appellee Cole.

Tye, Worlock, Tye & Jacobsen, for appellees Goodyear Tire & Rubber Co., Inc., and Trade Marketeers, Inc.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

SPENCER, J.

This is a workmen's compensation action. The present appeal is from the sustaining of a summary judgment for Goodyear Tire and Rubber Company and the overruling of a motion to make Trade Marketeers, Inc., an additional party defendant.

The action as originally filed in the Nebraska Workmen's Compensation Court was against Jack Cole, doing business as Cole Sign Company. After the 1-year statute of limitations had run, Goodyear Tire and Rubber Company was added upon plaintiff's motion as an additional party defendant. After hearing, Goodyear Tire and Rubber Company was dismissed as a party defendant, and an award was entered against Jack Cole. Plaintiff waived rehearing in the compensation court, and filed a petition on appeal in the district court. Plaintiff thereafter filed a motion in district court to make Trade Marketeers, Inc., an additional party defendant. This motion was overruled on July 11, 1967. On November 24, 1967, plaintiff filed a motion for new trial, which was overruled. On November 15, 1967, the district court sustained a motion of Goodyear Tire and Rubber Company for a summary judgment. On November 24, 1967, plaintiff filed a motion for a new trial, which was also overruled.

Plaintiff filed a transcript on appeal herein but failed to file a bill of exceptions covering the summary judgment proceeding. The record indicates that the defend-

ant offered exhibits on the hearing, but with no bill of exceptions those exhibits are not a part of the record herein.

As a prerequisite to its examination in this court, evidence adduced on a summary judgment hearing must be embodied in a bill of exceptions. See Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1.

In the absence of a bill of exceptions in a summary judgment proceeding it is presumed that the evidence sustains the trial court's holding that there was no issue of fact presented by the proceeding; that it was correctly decided; and that the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment. See Ehlers v. Church of God in Christ, Inc., 173 Neb. 670, 114 N. W. 2d 716.

While we do not speculate on the basis on which the summary judgment was sustained it is obvious that there is nothing in the pleadings which would indicate that Goodyear Tire and Rubber Company could be considered an additional employer of plaintiff.

Plaintiff has attempted to appeal herein from the overruling of his motion to add Trade Marketeers, Inc., as an additional party in the district court. We do not consider this ruling on the merits for the reason that it is not an appealable order. It is an interlocutory order. There has been no hearing on the merits of the case in the district court. As we said in Lund v. Holbrook, 157 Neb. 854, 62 N. W. 2d 112: "In the absence of a statute which, by its terms or as construed by the courts, permits an appeal from an interlocutory order of the kind herein discussed, it is generally held that an order requiring, or permitting, or refusing to permit, the joinder of additional parties is not appealable, since it is interlocutory and not final in nature. See, Annotation, 16 A. L. R. 2d 1028; Kaplan v. City of Omaha, 100 Neb. 567, 160 N. W. 960; Hall v. Vanier, 7 Neb. 397."

For the reasons given, the judgment herein is affirmed.

AFFIRMED.