FRANK E. SCARPELLO, JR., ET AL., MINORS, BY MARIAN L. SCARPELLO, THEIR MOTHER AND NEXT FRIEND, APPELLEES, v. CONTINENTAL ASSURANCE COMPANY, APPELLEE, IMPLEADED WITH JOSEPHINE SCARPELLO, APPELLANT.
191 N. W. 2d 444

Filed November 5, 1971. No. 37897.

James R. Welsh, for appellant.

Richard L. Edgerton, John J. Respeliers, Thomas D. Carey, and Richard R. Morrison, Jr., for appellees Scarpello.

· John R. Barton, for appellee Continental Assurance Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action for a declaratory judgment which was decided in favor of the plaintiffs on their motion for summary judgment. The defendant appeals. There is in this case no bill of exceptions showing the evidence in the summary judgment hearing. The bill of exceptions was quashed by prior order of this court.

The case involves the adverse claims of the plaintiffs, minor children of Frank Scarpello, deceased, and the defendant, Josephine Scarpello, mother of the deceased, to the proceeds of an insurance policy upon the life of the deceased. This policy is alleged to be one of the assets subject to the jurisdiction of the court in divorce proceedings hereafter mentioned. The plaintiffs claim as beneficiaries designated by order of the court in the divorce proceedings by their mother against Frank Scarpello. Josephine Scarpello sets up her claim in a cross-petition alleging that she had been designated as irrevocable beneficiary of the policy prior to entry of the order in the divorce proceedings. She also alleges facts which if true would make the decree of divorce null and void. Each party in the pleadings denies the factual allegations upon which the other's right of recovery depended.

In this state of the record the following principles are applicable: "As a prerequisite to its examination in this court evidence adduced on a summary judgment hearing must be embodied in a bill of exceptions. . . . In the absence of a bill of exceptions in a summary judgment proceeding it is presumed that the evidence sustains the trial court's holding that there was no issue of fact presented by the proceeding; that it was correctly decided; and that the only issue that will be considered on appeal is the sufficiency of the pleadings to support

the judgment." Jung v. Cole, 184 Neb. 153, 165 N. W. 2d 717. See, also, Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257.

"A judgment of the district court brought to this court for review is supported by a presumption of correctness, and the burden is upon the party complaining of the action of the district court to show by the record that it is erroneous. . . . In determining whether or not the pleadings support the judgment, they must be taken as a whole, and construed so as to support the judgment, if capable of such construction. The presumption is that the relief granted is authorized by the pleadings, and the burden is upon him who attacks the judgment to show that it was not." Blanco v. General Motors Acceptance Corp., *supra.*

The judgment of the trial court must be affirmed.

AFFIRMED.