PAUL RHODES, APPELLANT, v. NELLA T. JOHNSTONE ET AL., APPELLEES.

216 N. W. 2d 168

Filed March 28, 1974. No. 39217.

W. H. Kirwin, for appellant.

Reddish & Curtiss and A. James Moravik, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ., and WHITE, District Judge.

WHITE, C. J.

This controversy concerns a will contest involving the estate of Ethel M. White, a resident of Box Butte County, Nebraska. Error is assigned in the denying of admission to probate of a will executed on December 19, 1962, and in admitting to probate a will of the testatrix dated November 2, 1962. The county court denied the admission to probate of the will of December 19, 1962, and on error proceedings in the District Court, the District Court affirmed the judgment of the county court. We affirm the judgment and order of the District Court.

The testatrix, Ethel M. White, executed a will on November 2, 1962. This will made 22 specific bequests, together with certain other provisions, and gave the residue of the property to Nella T. Johnstone, appellee herein. She executed a codicil to that will, on December 17, 1962, and added an additional specific bequest and some instructions with respect to a bequest to the Episcopal Church in Alliance, Nebraska. On December 19, 1962, 2 days after the date of the codicil which merely amplified the will of November 2, 1962, she executed a new will making three specific bequests and leaving all the residue of her property to Paul Rhodes, the attorney who drew the will. The record shows that a trial and hearing was held with reference to the admission of the wills involved and that the will of December 19, 1962, was denied admission to probate. There

was no bill of exceptions from the county court to the District Court, and there is no bill of exceptions from the District Court to the Supreme Court herein. There was no praecipe for a bill of exceptions filed in either court.

The difficulty with the appellant's contentions is that this is an error proceeding taken from the county court's judgment to the District Court. No appeal by the appellant was ever filed and no bill of exceptions was requested or prepared or filed. All the appellant's assignments of error relate to the findings of the county judge after the hearing and the introduction of evidence with reference to the probate of the two wills. It is settled law that in an error proceeding, as distinguished from an appeal, the sole issue is the determination of whether the final order of the inferior tribunal is in accordance with the law. This determination must be made solely from the record of the proceedings before the inferior tribunal, the county court in this case. And where evidence is required to establish any alleged error of law by an inferior tribunal, it must be presented in the District Court by a bill of exceptions. New evidence may not be introduced in the District Court to show that errors of law occurred in the proceedings before the tribunal. Dlouhy v. City of Fremont, 175 Neb. 115, 120 N. W. 2d 590 (1963); In re Estate of Vance, 149 Neb. 220, 30 N. W. 2d 677 (1948); Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58 (1958). The appellant neither requested, presented, nor filed a bill of exceptions containing the evidence introduced before the county court in these proceedings.

We have repeatedly held that in the absence of a bill of exceptions no question will be considered, a determination of which requires an examination of the evidence produced in the District Court, and that any assignment of error, as here, that requires an examination of evidence cannot prevail in the absence of a bill of

exceptions. Brown v. Shamberg, 190 Neb. 171, 206 N. W. 2d 846 (1973); Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396 (1953). The only question therefore presented on this appeal is the sufficiency of the pleadings to support the judgment. State ex rel. Hartman v. Weiss, 181 Neb. 685, 150 N. W. 2d 264 (1967); Goger v. Voecks, 156 Neb. 696, 57 N. W. 2d 621 (1953); Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495 (1952). It is not suggested or argued that the pleadings do not support the judgment of the county court admitting the will of November 2, 1962, to probate. The transcript reveals that the petition for the probate of the November 2, 1962, will alleged the death of Ethel M. White on February 4, 1969, a resident of Box Butte County, Nebraska; that she left a last will and testament and codicil, which were being offered for probate; that there was property subject to probate; and further that there were no heirs-at-law. The transcript reveals that an order for hearing was entered and that notice thereof was given as provided by law. These pleadings amply support the order of the county court admitting the November 2, 1962, will to probate and directing the issues of letters testamentary to the appellee Nella T. Johnstone.

The assignments of error asserted by the appellant may not be considered by this court, and the judgment and order of the county court as affirmed by the District Court are correct and are affirmed.

AFFIRMED.