IN RE ESTATE OF LESLIE C. LANDMESSER, JR., DECEASED. KAREN BOOSALIS, APPELLANT, V. HORACE MANN INSURANCE COMPANY, APPELLEE.

251 N. W. 2d 885

Filed March 30, 1977.   No. 40882.

John C. Mitchell and Larry R. Demerath, for appellant.

Patrick L. Cooney for McCormack, Cooney & Mooney, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an appeal from an order of the District Court for Harlan County, Nebraska, affirming an order of the county court of Harlan County, vacating a default judgment rendered on a claim by Karen Boosalis for personal injuries suffered in an automobile collision in which the decedent Landmesser, the driver of the automobile in which Boosalis was a passenger, was killed. The District Court on the appeal also affirmed an order of the county court setting aside the appointment of Platte Valley State Bank & Trust Company as administrator of the Landmesser estate. The named administrator acquiesced in its removal by an instrument in writing filed in the county court. We affirm.

The errors assigned on this appeal would require an examination of the evidence presented to the District Court. There is before us a purported bill of exceptions. It is, however, for reasons we will later set forth, patently incomplete and clearly insufficient for us to make any determination that the District Court abused its discretion in setting aside the default judgment.

The following principles are applicable. Appeals from the county court to the District Court in probate matters are tried in the District Court de novo and not de novo on the record. §§ 24-541, 30-1601, R. R. S. 1943.

In the absence of a proper bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented to this court is the sufficiency of the pleadings to sustain the judgment of the trial court. State v. Jacobsen, 194 Neb. 105, 230 N. W. 2d 219; Jung v. Cole, 184 Neb. 153, 165 N. W. 2d 717.

The rules for preparation, settlement, allowance, certification, filing, and amendment of the bills of exceptions on appeal to the Supreme Court from the

District Court are governed by Rule 7, Revised Rules of the Supreme Court, 1974, enacted pursuant to the authority of section 25-1140, R. R. S. 1943. State v. Jacobsen, *supra*.

Where a default judgment has been regularly entered, it is largely within the discretion of the trial court to say whether the defendant shall be permitted to come in afterwards and make his defense and, unless an abuse of discretion is made to appear, this court will not interfere. Urwin v. Dickerson, 185 Neb. 86, 173 N. W. 2d 874; Dennis v. Dennis, 179 Neb. 200, 137 N. W. 2d 694.

The certificate on the bill of exceptions recites: ". . . that this Bill of Exceptions is in one volume and contains all of the proceedings held, together with proper certificates therefor . . . ." The contents of the bill of exceptions consists only of machine copies of 14 documentary exhibits, including copies of correspondence, some signed and some unsigned; affidavits, some executed and some unexecuted; copies of newspaper clippings of notice of probate proceedings; unexecuted requests for admissions; unexecuted answers to requests for admissions; as well as copies of a claim of Karen Boosalis against the estate of Landmesser. It does not show that the exhibits were ever offered or received in evidence, it contains no stipulation that the exhibits are what they purport to be, or that the letters were sent and received, or that the originals of other unexecuted instruments were executed and served, or any other matters which lend substance to the papers. Neither does the bill contain a case stated.

On the other hand the order of the District Court makes certain findings purportedly based on the record that certain things were not done. Such a finding was obviously made on the basis of some additional evidence or stipulation of fact not contained in the bill. We conclude that the bill of exceptions is so patently incomplete as to be no bill of exceptions at

all. Consequently, as previously indicated, we conclude that the question is whether the pleadings support the judgment. We have examined the pleadings and conclude that they do support the orders setting aside the judgment on the claim and the order appointing the administrator.

AFFIRMED.