POLYXENY M. NIMMER, APPELLEE, v. GEORGE R. NIMMER, APPELLANT.

279 N. W. 2d 156

Filed May 22, 1979. No. 42187.

Seb Caporale, for appellant.

Sally Millett Rau of Walsh, Walentine & Miles, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and WINDRUM, District Judge.

WINDRUM, District Judge.

The marriage of Polyxeny M. Nimmer, appellee,

and George R. Nimmer, appellant, was dissolved on April 14, 1975. Custody of the minor children of the parties was retained by the District Court, with the physical possession awarded to petitioner, the appellee, subject to visitation rights of respondent, the appellant.

On September 15, 1977, the appellant filed his application requesting a change in the possession, care, and control of the minor children. Appellee on October 17, 1977, filed her responsive pleading, the prayer of which is as follows: "Wherefore, petitioner having fully answered respondent's Application, petitioner prays that said Application be dismissed and that petitioner be awarded attorney's fees which were necessitated by respondent bringing this matter before the Court." On February 23, 1978, in response to a motion of the appellant filed February 22, 1978, appellant's application to modify the decree relative to custody was dismissed without prejudice. On March 2, 1978, appellee filed an application for attorney's fees together with a notice for a hearing on March 8, 1978. An objection to the application was filed March 6, 1978.

The record is silent as to what, if anything, occurred on March 8, 1978, at the appointed time for hearing the application for attorney's fees. There is no bill of exceptions for this portion of the case and no order of continuance contained in the transcript. An order was entered on April 13, 1978, reciting that both sides had presented briefs to the court concerning the appellee's application for attorney's fees, and the court found that appellant should pay for the use and benefit of appellee's attorney the sum of $500 for services rendered in behalf of the appellee, payable forthwith.

The appellant filed a motion for new trial. It was duly overruled, and he brought the appeal.

Appellant maintains the District Court had no jurisdiction to order attorney's fees after the cause of

action had been dismissed. He cites therefor Kiddle v. Kiddle, 90 Neb. 248, 133 N. W. 181. In that case, the wife brought the action for divorce. The parties reconciled before the hearing at which the court awarded temporary attorney's fees and suit money to the wife. Before it was paid, the court, on motion of the husband, dismissed the petition for divorce. The court held that the husband had to pay the attorney's fees. The court still had jurisdiction when the order was made. Appellant further cites Rhein v. Rhein, 244 Minn. 260, 69 N. W. 2d 657. In that case, the husband had brought an action for divorce. The wife asked for temporary suit money. Prior to ruling thereon, the husband dismissed the petition. The Minnesota Supreme Court held that they had no jurisdiction to award suit money.

In the instant case, once the original decree was entered the court had continuing jurisdiction until all the children were of legal age or emancipated. A final order, the decree, had been entered imposing obligations on appellant.

The application to change physical custody of the minor children and the response thereto constituted a continuation of the suit for dissolution of marriage and was one of its incidents. Thus, the holding of Rhein v. Rhein, *supra*, is not applicable even if the principle therein announced is to be followed in Nebraska, which we need not decide. The court may allow attorney's fees, both temporary and final. §§ 42-367 and 42-351, R. R. S. 1943, as amended. The authority of the court to allow attorney's fees continues until the subject matter of the divorce suit is finally settled and determined. Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232. The decree of a District Court in an action for the dissolution of a marriage, insofar as minor children are concerned, is never final in the sense it cannot be changed. Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847. Thus the court has continuing jurisdiction.

In response to appellant's application for modification of the decree, appellee requested an order be entered awarding her attorney's fees. After appellant dismissed his application, appellee filed an application for attorney's fees and caused notice of hearing to be served on appellant. Attached to appellee's application was an itemized list of services rendered, which totaled 15 hours. A $500 fee would not be unreasonable if the services as alleged had been performed.

Appellant maintains procedural due process requires an evidentiary hearing before a court can make a valid award for attorney's fees. The matter had been set for hearing. There is no bill of exceptions for this portion. However, the order dated April 13, 1978, states each side had presented briefs, so there must have been an understanding between all parties concerning the hearing.

Where there is no bill of exceptions, this court shall examine the pleadings and if the same will support the judgment of the court, this court shall not reverse. In the absence of a complete bill of exceptions, the only issue on appeal is the sufficiency of pleadings to support judgment. Rhodes v. Johnstone, 191 Neb. 552, 216 N. W. 2d 168.

The judgment of the District Court is affirmed. The appellee is awarded the sum of $500 for the services of her attorney rendered in this court.

AFFIRMED.