MARLYS J. MOORE, APPELLANT, V. AMERICAN CHARTER FEDERAL SAVINGS AND LOAN ASSOCIATION, APPELLEE.

366 N.W.2d 436

Filed April 26, 1985.   No. 84-148.

Stephen Speicher, for appellant.

Paul Korslund of Everson, Noble, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The appellant, Marlys J. Moore, appeals from an order entered by the district court for Lancaster County, Nebraska, sustaining a motion for summary judgment in favor of the appellee, American Charter Federal Savings and Loan Association (American Charter), and against Moore. In sustaining the appellee's motion for summary judgment, the district court dismissed Moore's petition. We affirm.

Pursuant to the provisions of Neb. Rev. Stat. § 25-1332 (Reissue 1979), a motion for summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We have examined that statute on a number of occasions and held that the primary purpose of the summary judgment procedure is to pierce the allegations made in the pleadings and show conclusively that the controlling facts are other than as pled, and thus resolve, without the expense and delay of trial, those cases where there exists no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and where the moving party is entitled to judgment as a matter of law. See, *Witherspoon v. Sides Constr. Co.,* ante p. 117, 362 N.W.2d 35 (1985); *Gilbreath v. Ridgeway,* 218 Neb. 822, 360 N.W.2d 474 (1984); *Stromsburg Bank v. Nuttelman,* 218 Neb. 687, 358 N.W.2d 746 (1984). Since the party moving for summary judgment has the burden of showing that no genuine issue as to any material fact exists, that party must therefore produce enough evidence to demonstrate his entitlement to a judgment if the evidence remains uncontroverted, after which the burden of producing contrary evidence shifts to the party opposing the motion. See, *Witherspoon v. Sides Constr. Co., supra; Bailey v. City of North Platte,* 218 Neb. 810, 359 N.W.2d 766 (1984). If a genuine issue of fact exists, summary judgment may not properly be entered. See *Dennis v. Berens,* 156 Neb. 41, 54 N.W.2d 259 (1952).

When filing her notice of appeal, Moore did not request the preparation of a bill of exceptions, although the judgment of the district court recites that evidence was adduced at the hearing on American Charter's motion for summary judgment. This was Moore's responsibility. See Neb. Ct. R. 5C(5) (Rev. 1983). There is therefore nothing for us to review except the petition filed by Moore and the answer filed by American Charter.

In this regard we said in *Snyder v. Nelson*, 213 Neb. 605, 606-07, 331 N.W.2d 252, 253 (1983):

"In order to receive consideration on appeal, any affidavits used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. . . ."

We are limited, therefore, to an examination of the pleadings; if they are sufficient to support the judgment, we will not reverse the trial court. *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979); *Hubbell v. Farmers Ins. Group, supra*. Moreover, where there is no bill of exceptions, it will be presumed on appeal that the evidence supports the trial court's judgment. *Tedco Development Corp. v. Overland Hills, Inc.*, 205 Neb. 194, 287 N.W.2d 49 (1980); *Schroeder v. Homestead Corp.*, 171 Neb. 792, 107 N.W.2d 750 (1961), *cert. denied* 368 U.S. 32, 82 S. Ct. 146, 7 L. Ed. 2d 90.

And in *Nimmer v. Nimmer*, 203 Neb. 503, 506, 279 N.W.2d 156, 158 (1979), we said:

Where there is no bill of exceptions, this court shall examine the pleadings and if the same will support the judgment of the court, this court shall not reverse. In the absence of a complete bill of exceptions, the only issue on appeal is the sufficiency of pleadings to support judgment. Rhodes v. Johnstone, 191 Neb. 552, 216 N.W.2d 168.

See, also, *Hubbell v. Farmers Ins. Group*, 200 Neb. 472, 263 N.W.2d 863 (1978).

With these basic rules in mind, we then examine the pleadings to determine if they support the judgment. Appellant's petition alleges that American Charter is a federally

chartered savings and loan association with its principal place of business in Lincoln, Nebraska. The petition then alleges that on January 8, 1963, appellant and her then husband purchased as joint tenants certain real property located in Beatrice, Nebraska, on which they subsequently and continuously resided with their two minor children until 1974.

The petition then goes on to allege that on February 6, 1975, the marriage of the parties was dissolved and that appellant's husband conveyed his interest in the property to appellant by deed dated April 22, 1975. Appellant next alleges that from and after the divorce decree she continued to reside on the property until January 1982, when the property was sold.

The critical paragraph in the petition is paragraph 5, which alleges:

> 5. On or about April 12, 1979, Plaintiff conveyed title to the Property to her son, Kevin Moore, *in exchange for a life estate* in the Property and certain other consideration. A true and accurate copy of the deed evidencing the transfer of title from Plaintiff to Kevin Moore is attached as Exhibit 3 and is incorporated by reference.

(Emphasis supplied.) The petition then describes how appellant's son later obtained a loan from appellee and gave as security for the loan a mortgage on the property previously conveyed by appellant.

The petition further alleges that there was a default and a subsequent foreclosure. Appellant concludes by alleging that she retained a homestead interest in the property sold to satisfy the debt owed to American Charter and is therefore entitled to receive $5,500 from appellee, the balance due her on her homestead interest.

To this petition the appellee filed an answer in which it generally admitted appellant's petition but denied that appellant continued to reside on the property until January of 1982 or that in conveying title to the property she retained a life estate. The motion for summary judgment was decided essentially on the basis of the pleadings, including the documents attached to the pleadings by Moore.

Of particular significance is the deed attached to Moore's petition and described in paragraph 5. The deed is a standard

form of warranty deed commonly used in this state. It is dated April 12, 1979, and is signed by Moore before a notary public. The deed recites that the appellant, as a single person, conveys to Kevin C. Moore the property involved herein by warranty deed. The deed contains no reservations, nor does it make any reference to a life estate.

The pleadings support the judgment. The judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.