FRANK NESTOR LATENSER AND RUTH M. LATENSER, APPELLEES
AND CROSS-APPELLANTS, V. THE INTERCESSORS OF THE LAMB, INC.,
A NEBRASKA NONPROFIT CORPORATION, APPELLANT AND
CROSS-APPELLEE.

513 N.W.2d 281

Filed March 11, 1994.    No. S-92-444.

Monte Taylor, of Taylor, Connolly & Kluver, for appellant.

H. Daniel Smith, of Sherrets Smith & Gardner, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

The parties to this suit own adjacent property in Douglas County. The appellees, Frank Nestor Latenser and Ruth M. Latenser, own two parcels of land, referred to throughout the proceedings as plot B and plot C. The appellant, The Intercessors of the Lamb, Inc., owns three parcels of land referred to as plots A, D, and F. Plot A is a 7-acre tract which has located upon it a large residential structure. Plot B is a private road subject to an easement in plot A for ingress and egress. Plot D is an unimproved 5-acre tract which abuts plots A, B, and C.

The appellees filed this suit in the district court following the appellant's announcement that it planned to build a chapel on plot D. The appellees sought a declaratory judgment that the easement on plot B could not be used for access to plot D. The appellees also sought to enjoin the appellant from using plot A in a manner that violated restrictive covenants limiting the use of the land to single family dwellings, churches, or related uses. Finally, the appellees brought actions for alleged trespass and nuisance. The appellees and the appellant both filed motions for summary judgment on the first two causes of action.

At the hearing on the motions for summary judgment, the appellant conceded the issue concerning the first cause of action, and the district court enjoined the appellant from using the easement on plot B as a means of ingress and egress to plot D. In the second cause of action, the district court found that the appellant's use of the land did not constitute church use under the language of the covenants and issued an injunction restricting the appellant's use of the property to a use allowed by the covenants. The appellees dismissed their remaining causes of action.

The appellant brings an appeal from the judgment of the district court on the second cause of action. The appellees cross-appealed from the judgment of the district court denying the appellees' request for an injunction permanently preventing the appellant from using the easement on plot B for access to plot A.

The issue raised by the appeal is whether the actions of the appellant violate the restrictive covenants. In equity actions such as this, this court reviews the factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court. *Citizens State Bank v. Jennings State Bank*, 236 Neb. 307, 461 N.W.2d 78 (1990).

The bill of exceptions filed in this court contains only six exhibits that the appellant claims were introduced at the hearing on the appellees' motion for summary judgment. The order of the trial court recites that both parties adduced evidence, but the bill of exceptions does not contain any testimony from the hearing or a showing that the exhibits were received in evidence. The bill of exceptions is the only vehicle for bringing evidence to

this court. *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983). It is incumbent upon the appellant to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990). Without a complete record, the court cannot make a de novo review.

In *Keystone Ranch Co. v. Central Neb. Pub. Power & Irr. Dist.*, 237 Neb. 188, 191, 465 N.W.2d 472, 475 (1991), this court said:

> In this case the parties have failed to preserve and present a record which will permit a review of the order overruling the motion of the Central District or the order sustaining the motion of NPPD. Since there is no bill of exceptions concerning the evidence which may have been offered at the hearing on the motion for summary judgment or at the hearing on the motion for new trial, there is nothing to review, and this court cannot determine whether error occurred. Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the court before an order on such a motion may be reviewed.

See, also, *Moore v. American Charter Fed. Sav. & Loan Assn.*, 219 Neb. 793, 366 N.W.2d 436 (1985); *Scarpello v. Continental Assur. Co.*, 187 Neb. 395, 191 N.W.2d 444 (1971); *Jung v. Cole*, 184 Neb. 153, 165 N.W.2d 717 (1969).

This court addressed a similar situation in *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1990). In *Scottsbluff Typewriter Leasing*, the appeal was from an order of the district court affirming the judgment of the county court. On appeal to this court, the appellant submitted a bill of exceptions which included only the proceedings from the county court; no record of the district court proceedings was filed. This court stated that absent a complete bill of exceptions, the only issue before the court on the appeal was whether the pleadings were sufficient to support the judgment.

We confine our analysis, therefore, to a determination of whether the pleadings support the district court's judgment

granting an injunction. An injunction will not lie unless the right is clear, the damage is irreparable, and the remedy at law is inadequate. *State ex rel. Spire v. Strawberries, Inc.*, 239 Neb. 1, 473 N.W.2d 428 (1991). The appellees' petition alleges facts to support each of these elements. The pleadings support the judgment, and the judgment will not be overturned.

The appellees cross-appealed from the judgment of the district court denying the termination of the easement over plot B. We analyze the cross-appeal in the same manner as the appeal, given the incomplete bill of exceptions. The pleadings in the case support the judgment of the trial court, and the judgment of the trial court on the subject of the cross-appeal will not be disturbed absent a complete bill of exceptions.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., concurs.