Buffalo County, Nebraska, appellee and cross-appellant,
v. Richard G. Kizzier and Yvonne A. Kizzier, husband
and wife, et al., appellees, and Mack Trucks, Inc.,
appellant and cross-appellee.

548 N.W.2d 753

Filed June 7, 1996.   No. S-94-926.

Patrick J. Nelson and Terri S. Harder, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

Andrew W. Hoffmeister, Chief Deputy Buffalo County Attorney, for appellee Buffalo County.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Caporale, J.

## I. STATEMENT OF CASE

Following the entry of the foreclosure decree described in *Buffalo County v. Kizzier, ante* p. 180, 548 N.W.2d 757 (1996), the underlying real estate was sold at a sheriff's sale pursuant to order of the district court which then, over the objection of the defendant-appellant, Mack Trucks, Inc., confirmed the sale. In appealing to the Nebraska Court of Appeals, Mack Trucks asserted that the district court erred in (1) confirming the sale and (2) calculating the amount of attorney fees awarded the plaintiff-appellee, Buffalo County. The

county cross-appealed, claiming that the district court erred in approving the filing of a supersedeas bond by Mack Trucks, preventing the county from collecting back taxes on the underlying real estate. Under our authority to regulate the caseloads of the Court of Appeals and of this court, we, on our own motion, removed the matter to this court. We now dismiss the county's cross-appeal, modify the district court's decree, and as so modified, affirm same.

## II. SCOPE OF REVIEW

It is the general rule that confirmation of judicial sales rests largely within the discretion of the trial court, and consequently, the determination of the trial court will not be disturbed on review except for an abuse of such discretion. *Commercial Fed. Sav. & Loan v. ABA Corp.*, 230 Neb. 317, 431 N.W.2d 613 (1988). However, to the extent statutory interpretation is involved, that aspect of the matter presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *In re Interest of Archie C., ante* p. 123, 547 N.W.2d 913 (1996); *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996).

## III. FACTS

The underlying real estate sold for $52,100, on which the sheriff collected $7,815, or 15 percent of the total bid price. Upon confirming the sale, the district court awarded attorney fees to the county in the amount of $1,661.18, representing 10 percent of the taxes it had foreclosed and interest thereon.

The district court next entered an order setting the amount of the supersedeas bond to be filed by Mack Trucks at $75,000. The execution of the supersedeas bond and the sufficiency of the surety therein were then approved by the clerk of the district court.

## IV. ANALYSIS OF MACK TRUCKS' APPEAL

### 1. CONFIRMATION OF SALE

Mack Trucks claims in the first assignment of error that as the sheriff did not demand and receive the full bid price at the time of the sale, the district court erred in entering its order

of confirmation. The claim rests upon Neb. Rev. Stat. § 77-1912 (Cum. Supp. 1994), which provides, in part, that in a sheriff's sale pursuant to foreclosure proceedings, "[t]he sheriff shall sell the real property in the same manner provided by law for a sale on execution and shall at once pay the proceeds thereof to the clerk of the district court."

In urging that the sale in this case was proper, the county argues that we have implicitly approved the collection at a sheriff's sale of only a percentage of the bid price. Specifically, the county cites to *Travelers Indemnity Co. v. Heim*, 218 Neb. 326, 352 N.W.2d 921 (1984) (*Travelers I*); *Travelers Indemnity Co. v. Heim*, 223 Neb. 75, 388 N.W.2d 106 (1986) (*Travelers II*); *Conservative Sav. & Loan Assn. v. Karp*, 218 Neb. 217, 352 N.W.2d 900 (1984); and *Holferty v. Wortman*, 135 Neb. 732, 283 N.W. 855 (1939). However, these cases are inapposite.

In the *Travelers* cases, the highest bidder at the sheriff's sale on the foreclosure of a mortgage paid only 15 percent of its bid. In affirming the confirmation of the sale, we rejected a number of complaints made by the mortgagor, but the question of whether a downpayment of 15 percent of the bid price was proper was not in issue. In *Travelers II*, the mortgagor contended that as the full amount of the purchase price was not paid until after it became evident that the winter wheat crop was successful, the highest bidder had waived and abandoned the purchase, and, thus, the real estate should be resold. We rejected that contention, but again there was no issue as to whether accepting less than the full bid price at the sheriff's sale was erroneous.

In *Conservative Sav. & Loan Assn.*, the plaintiff sought to foreclose a deed of trust. At the sheriff's sale, the successful bidder paid 10 percent of the bid price. The issue presented concerned the payment of real estate taxes and the possession of rent proceeds. In that connection, we wrote:

> Where a successful bidder at a judicial sale pays only a small deposit or part of his bid at the sale and pays the balance of his bid later but does not pay interest on the balance of his bid, such bidder is not entitled to rents

accruing from the date of sale until the balance of the bid is paid.

218 Neb. at 222, 352 N.W.2d at 903. Again, no issue was presented as to the lawfulness of the sheriff not requiring immediate payment of the full bid price.

In *Holferty*, the return of the order of sale showed that the premises had been sold to the highest bidder for $6,000, " 'upon confirmation of sale and possession.' " 135 Neb. at 733, 283 N.W. at 856. The appellant objected to the return, arguing that the bid was conditioned upon possession of the property. Ruling that the bid was in conformity to the notice and decree of the court and that the sale was conducted substantially as prescribed by the notice and in accordance with the decree, we affirmed confirmation of the sale.

Of these cases, only *Holferty* dealt with the foreclosure of a tax lien; the *Travelers* cases concerned the foreclosure of a real estate mortgage, and *Conservative Sav. & Loan Assn.* concerned the foreclosure of a deed of trust. Not only was the propriety of collecting an amount less than the bid price not an issue before us in *Conservative Sav. & Loan Assn.*, *Travelers*, and *Holferty*, we did not construe § 77-1912 in *Holferty* because that statute was not enacted until 1943.

As the language of § 77-1912 requires that the proceeds be paid by the sheriff to the clerk of the district court immediately following the judicial sale, the sheriff is required to collect the entire bid price.

However, as Mack Trucks does not allege that the price received was inadequate or that the sale was otherwise defective or that it was in any way injured by the manner in which the total sale price was collected, in this instance, the sheriff's error was not material, and the district court therefore did not abuse its discretion in confirming the sale.

Under that circumstance, we need not concern ourselves with what the sheriff's liability might be should the successful bidder not be able to pay the bid price upon confirmation.

## 2. Attorney Fees

In its second assignment of error, Mack Trucks asserts that the district court erred in calculating the amount of attorney

fees due the county. Mack Trucks argues that the attorney fees awarded are greater than that allowed by law or in the decree of foreclosure, in that the sum awarded on the order of confirmation included interest and costs.

Neb. Rev. Stat. § 77-1909 (Cum. Supp. 1994) provides:

> In its decree, the court shall ascertain and determine the amount of taxes, special assessments, and other liens, interest, and costs chargeable to each particular item of real property and award to the plaintiff an attorney's fee, unless waived by the plaintiff, in an amount equal to ten percent of the amount due which shall be taxed as part of the costs in the action and apportioned equitably as other costs.

It is apparent from the foregoing language that interest and costs are to be included in awarding an attorney fee. However, in this case, the district court did not include such in its foreclosure decree.

In entering its confirmation order, the district court noted its earlier error and sought to correct it by including in its confirmation order an award of attorney fees in accordance with the request the county had made in its petition, that is, 10 percent of the taxes and interest. The difficulty is that the award of attorney fees is to be made in the decree of foreclosure, not in the order confirming the sale. See § 77-1909. Moreover, because the county did not appeal from the decree awarding it attorney fees in a lesser amount than that to which it was entitled, the erroneous award became final.

It was thus error for the district court to attempt to correct in its confirmation order the award of attorney fees it had previously ordered in its foreclosure decree.

## V. ANALYSIS OF COUNTY'S CROSS-APPEAL

In its cross-appeal, the county asserts that the district court erred in the approval of a supersedeas bond enjoining it from the collection of back taxes on the subject real estate. However, the record does not contain enough information upon which this assignment of error can be addressed. While the record contains the supersedeas bond filed by Mack Trucks, it does not contain the district court's order regarding the bond.

Neither is there any showing that the county objected to the district court setting the amount of the bond. Nor does the record disclose what precise actions of the county were stayed.

It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will generally be affirmed. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995); *Terry v. Duff*, 246 Neb. 524, 519 N.W.2d 550 (1994); *Latenser v. Intercessors of the Lamb, Inc.*, 245 Neb. 337, 513 N.W.2d 281 (1994).

We must therefore dismiss the county's cross-appeal.

## VI. JUDGMENT

For the foregoing reasons, we, as first noted in part I, dismiss the county's cross-appeal and modify the district court's decree by striking therefrom the award of attorney fees to the county. As so modified, we affirm the decree of the district court.

AFFIRMED AS MODIFIED.