from using a written contract to effectuate the fraud committed. In other words, DMK and Lanoha contend that the substantive law protects securities purchasers from sellers by refusing to enforce exculpatory clauses in prospectuses, private placement memorandums, or subscription agreements. This issue was not addressed by the district court. An issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal.[32] Furthermore, determining this issue is not necessary to our adjudication.

## CONCLUSION

The district erred by granting the motion to dismiss. When the district court took judicial notice of the private placement memorandum and the subscription agreements, the motion to dismiss transformed into a motion for summary judgment, which requires an evidentiary hearing. No such hearing was held.

REVERSED AND REMANDED WITH DIRECTIONS.

MCCORMACK, J., participating on briefs.
WRIGHT, J., not participating.

---

[32] *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).

---

KIMBERLY L. HYNES, APPELLEE, V. GOOD
SAMARITAN HOSPITAL, A NEBRASKA
NONPROFIT CORPORATION, APPELLANT.

___ N.W.2d ___

Filed May 24, 2013.    No. S-12-810.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate

court reviews the findings of the trial judge who conducted the original hearing; the findings of fact of the trial judge will not be disturbed on appeal unless clearly wrong.

3. **Records: Appeal and Error.** As a general rule, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. But when a record is deficient through no fault of the appellant, the general rule does not apply.

4. **Records: New Trial: Appeal and Error.** An appellate court will remand for a new trial if a deficiency in the record, which is not attributable to the appellant, prevents meaningful appellate review.

5. **Judgments: Records: Appeal and Error.** Meaningful appellate review requires a record that elucidates the factors contributing to the lower court's decision.

Appeal from the Workers' Compensation Court: Michael K. High, Judge. Judgment vacated, and cause remanded for a new trial.

Thomas D. Wulff, of Wulff & Freeman, L.L.C., for appellant.

John C. Fowles, of Fowles Law Office, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

The Nebraska Workers' Compensation Court determined that Kimberly L. Hynes was injured during the course and scope of her employment with Good Samaritan Hospital (Good Samaritan) and awarded her workers' compensation benefits. Good Samaritan filed a timely appeal. However, during the preparation of the record on appeal, it was discovered that the testimony of several witnesses could not be transcribed because of a malfunction in equipment used by the court reporter. Because the existing record is insufficient for meaningful appellate review, we vacate the award and remand for a new trial.

## BACKGROUND

In April 2009, Hynes commenced this action for workers' compensation benefits, alleging that at all relevant times, she was employed as a registered nurse by Good Samaritan. Hynes

alleged that while she was working as a nurse in the mental health unit of the hospital on April 16, 2008, a patient whipped her with the cord from a vacuum cleaner, causing bruises on her body. Hynes further alleged that on June 2, she was bitten and kicked by a patient, and that in early July, she was sexually assaulted by one or more patients. She alleged that as a result of these incidents, she suffered from posttraumatic stress disorder and depression. Good Samaritan's answer admitted the April 16 incident but denied the later incidents. It also contested the nature and extent of Hynes' injuries.

After trial, the Workers' Compensation Court found that all three incidents occurred. It held that the April 16, 2008, injury caused Hynes to suffer depression and posttraumatic stress disorder "which was made worse by the latter two incidents." It concluded that Hynes was permanently and totally disabled, and it awarded benefits accordingly. Good Samaritan filed this timely appeal. But, as we shall discuss in further detail, the record on appeal is incomplete.

## ASSIGNMENTS OF ERROR

Good Samaritan assigns that this court does not have a complete record of the trial proceedings and argues that we must reverse, and remand for a new trial. In the alternative, it contends that the trial court erred in (1) finding that the second and third incidents occurred or that Hynes suffered a physical injury as a result of those incidents, (2) tying the three incidents together and finding Hynes' psychiatric issues resulted from some combination of those incidents, (3) overruling its objections to the medical reports of Hynes' expert witness, and (4) awarding Hynes certain medical expenses.

## STANDARD OF REVIEW

[1,2] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by

the compensation court do not support the order or award.[1] In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing; the findings of fact of the trial judge will not be disturbed on appeal unless clearly wrong.[2]

## ANALYSIS

On the same day that it filed its notice of appeal, Good Samaritan filed a praecipe for bill of exceptions. The praecipe requested all testimony presented and all exhibits offered at trial. While preparing the requested record, the court reporter discovered that certain testimony could not be transcribed. In an affidavit filed in the compensation court, the court reporter averred that the transcribed testimony of Hynes and another witness who testified in Hynes' case in chief was complete. But the reporter averred that the testimony of five other witnesses, including all of the witnesses who testified on behalf of Good Samaritan, could not be transcribed due to a failure of electronic equipment used by the court reporter. This failure was not discovered until after the trial.

Upon learning of the problem with the record, Good Samaritan's counsel filed a motion with this court seeking additional time to prepare, file, and settle the bill of exceptions. This motion stated that approximately two-thirds of the trial testimony had been "'lost,'" and noted that the trial judge had suggested a conference to determine whether the lost testimony could be recovered. It is not clear from the record whether that conference was held, although Good Samaritan's brief states it was and Hynes does not refute that statement. In any event, it is clear that the bill of exceptions filed in the appeal includes

---

[1] *Visoso v. Cargill Meat Solutions, ante* p. 272, 826 N.W.2d 845 (2013); *VanKirk v. Central Community College, ante* p. 231, 826 N.W.2d 277 (2013).

[2] *Pearson v. Archer-Daniels-Midland Milling Co., ante* p. 568, 828 N.W.2d 154 (2013); *Lovelace v. City of Lincoln*, 283 Neb. 12, 809 N.W.2d 505 (2012).

only the testimony of Hynes and the witness who testified on her behalf, as well as the trial exhibits.

The parties agree that the bill of exceptions before us is incomplete and that neither of them is at fault for the incompleteness. But they disagree as to how the lack of a complete appellate record should affect our resolution of this appeal. Good Samaritan contends that it requires remand for a new trial, while Hynes contends the record, though incomplete, is nevertheless sufficient to affirm the compensation court's award. Due to the nature of the missing testimony, we agree with Good Samaritan.

[3] It is true that as a general rule, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.[3] But we have applied this general rule only when the record deficiency is attributable to the appellant.[4]

[4,5] When a record is deficient through no fault of the appellant, the general rule does not apply.[5] Instead, we will remand for a new trial if the deficiency in the record prevents us from providing the appellant meaningful appellate review of the assignments of error.[6] Generally, meaningful appellate review requires a record that elucidates the factors contributing to the lower court's decision.[7]

---

[3] *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012); *Latenser v. Intercessors of the Lamb, Inc.*, 245 Neb. 337, 513 N.W.2d 281 (1994).

[4] See, *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997); *Latenser v. Intercessors of the Lamb, Inc., supra* note 3; *Sanwick v. Jenson*, 244 Neb. 607, 508 N.W.2d 267 (1993); *Rhodes v. Johnstone*, 191 Neb. 552, 216 N.W.2d 168 (1974); *Jones v. City of Chadron*, 156 Neb. 150, 55 N.W.2d 495 (1952).

[5] See, *Richmond v. Case*, 264 Neb. 319, 647 N.W.2d 90 (2002); *Terry v. Duff*, 246 Neb. 11, 516 N.W.2d 591 (1994); *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988); *State v. Benson*, 199 Neb. 549, 260 N.W.2d 208 (1977).

[6] See *Richmond v. Case, supra* note 5.

[7] *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001).

Here, the incompleteness of the record clearly prevents us from conducting a meaningful appellate review. All of the testimony from Good Samaritan's witnesses is unavailable. Although the standard of review in a workers' compensation case is quite limited, it requires us, at a minimum, to examine whether there is "sufficient competent evidence in the record" to warrant the award appealed from.[8] And to determine whether there is "sufficient competent evidence," we necessarily have to review all of the evidence presented at trial. Indeed, our court rules require the production of the complete bill of exceptions in such a situation. Specifically, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the bill of exceptions must include all evidence relevant to the finding or conclusion."[9]

It is unfortunate that the parties will be subjected to the expense and delay of retrial. But deciding this appeal on the existing record would do greater systemic harm. Under our adversary system of justice, we cannot simply disregard the fact that *none* of the testimony offered by Good Samaritan was preserved for our review. Without knowing both sides of the case, we cannot reach a principled determination of which side should prevail on appeal.

## CONCLUSION

For the foregoing reasons, we conclude that under the circumstances of this case, where the testimony of all of Good Samaritan's witnesses has been lost due to no fault of either party, we cannot undertake a meaningful appellate review of the assignments of error. Accordingly, we vacate the judgment of the trial court and remand the cause for a new trial.

JUDGMENT VACATED, AND CAUSE
REMANDED FOR A NEW TRIAL.

---

[8] Neb. Rev. Stat. § 48-185 (Reissue 2010). See, also, *Visoso v. Cargill Meat Solutions*, *supra* note 1; *VanKirk v. Central Community College*, *supra* note 1.

[9] Neb. Ct. R. App. P. § 2-105(2)(B)(1)(b) (rev. 2010).