769 N.W.2d 350 (2009)
278 Neb. 194
Susan J. SCHINNERER, appellee,
v.
NEBRASKA DIAMOND SALES COMPANY, INC., appellant.
No. S-08-1251.
Supreme Court of Nebraska.
July 24, 2009.
*352 David R. Buntain, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., Lincoln, and John Tavlin for appellant.
John M. Boehm and Paul L. Douglas, Lincoln, for appellee.
HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Appellee, Susan J. Schinnerer, brought this action in the county court for Lancaster County under the Nebraska Wage Payment and Collection Act (Wage Payment Act), Neb.Rev.Stat. §§ 48-1228 to 48-1232 (Reissue 2004), seeking payment of commissions which she alleged were owed to her by appellant, Nebraska Diamond Sales Company, Inc. (Nebraska Diamond). Upon a finding that Schinnerer was entitled to commissions, the county court granted partial summary judgment in favor of Schinnerer and held a bench trial on the factual issue of the amount of commissions that were owed. Following trial, judgment was entered against Nebraska Diamond in which Nebraska Diamond was ordered to pay Schinnerer commissions on certain accounts. Nebraska Diamond appealed these orders to the district court for Lancaster County, which affirmed the orders of the county court. Nebraska Diamond appeals. We affirm.

STATEMENT OF FACTS
Schinnerer worked for Nebraska Diamond from November 2001 through February 2004 as a sales associate. Schinnerer was paid entirely on a commission basis. Schinnerer was entitled to 19 percent of the profit from a sale. Profit from a sale was the invoice price minus the cost of the ring and diamond, which the parties referred to as the "board totals." Schinnerer stated that her position involved meeting with a customer, determining what he or she wanted, showing the customer the merchandise, assisting the customer in making a choice, executing the sales contract, approving financing, placing the diamond purchased and the ordering instructions for the ring into a job order envelope, accepting any downpayment, and placing the diamond purchased and the job order in the safe. Once the job envelope was placed in the safe, other employees were involved in preparing the ring for delivery to the customer. When the final purchase price was paid and the ring was assembled, it was retained in the safe for delivery. At the time of Schinnerer's termination from employment with Nebraska Diamond, she had completed 38 job orders, which are the subject of this case.
At the commencement of each calendar year, Schinnerer received a document titled "Rules Regulating Sales Staff Commissions," which stated that to earn commissions on an account, the proceeds of the account must be received in full by Nebraska Diamond. Further, the document *353 stated that to receive commissions on a sale, Schinnerer must still be employed by Nebraska Diamond at the time the full purchase price was paid. Nebraska Diamond's employment policies stated the same policy.
On January 13, 2005, Schinnerer brought this action in the county court for Lancaster County, claiming that based on the definition of commissions in the Wage Payment Act, she was entitled to commissions on the orders completed at the time of her termination of employment. Nebraska Diamond denied that Schinnerer was entitled to the commissions. Nebraska Diamond countered that at the time of Schinnerer's termination of employment, it had not received the full sale price of any of the 38 accounts on which Schinnerer claimed commissions and that therefore, Schinnerer was not eligible to earn, or entitled to receive, commissions on any of the disputed orders.
On October 20, 2006, the county court entered an order denying Nebraska Diamond's motion for summary judgment and granting Schinnerer's partial motion for summary judgment. The county court concluded that Nebraska Diamond's claim that Schinnerer was not entitled to any commissions based on the language of the agreement between the parties titled "Rules Regulating Sales Staff Commissions" constituted a
violation of the Nebraska Wage Payment and Collection Act and [was] void in so far as it circumvent[ed] the statutory definition of wages found in the Act by disallowing the payment of any commission on an account which has not been paid in full by the close of business on the last day of a salesperson's employment.
The county court then held a bench trial on the factual issue of the amount of commissions Schinnerer was actually owed on the 38 orders in dispute. Schinnerer was ultimately awarded $4,878.15 in commissions. The county court also awarded Schinnerer attorney fees and ordered Nebraska Diamond to pay the costs of the action.
Nebraska Diamond appealed these orders to the district court for Lancaster County. The district court affirmed. The district court concluded that the language of the Wage Payment Act, at the time of Schinnerer's termination of employment, was clear and that wages included commissions due to Schinnerer on her orders on file with Nebraska Diamond at the time of her termination. The district court then concluded that the amount due Schinnerer was a question of fact, and after reviewing the record, the district court determined that the decisions of the county court conformed to the law, were supported by competent evidence, and were neither arbitrary, capricious, nor unreasonable. The district court also awarded Schinnerer attorney fees on appeal. Nebraska Diamond appeals.

ASSIGNMENTS OF ERROR
Nebraska Diamond argues, summarized and rephrased, that the district court erred by (1) concluding that the employment agreement between the parties was in violation of the Wage Payment Act and void and interpreting the Wage Payment Act to provide Schinnerer with a right to the commissions sought; (2) awarding damages to Schinnerer based on the county court's order, which was insufficient, speculative, and conjectural and did not reasonably calculate the damages; and (3) awarding Schinnerer attorney fees.

STANDARDS OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue *354 regarding any material fact or the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. OMNI v. Nebraska Foster Care Review Bd., 277 Neb. 641, 764 N.W.2d 398 (2009). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.
The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. First Nat. Bank of Unadilla v. Betts, 275 Neb. 665, 748 N.W.2d 76 (2008). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.
However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. Id. Statutory interpretation is a question of law. In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009).

ANALYSIS

The Rulings on the Motion for Summary Judgment Were Correct: Commissions Are Due Under the Wage Payment Act in Effect at the Time of Schinnerer's Employment.
Nebraska Diamond's first assignment of error claims, condensed and summarized, that the district court erred by affirming the county court's grant of partial summary judgment in favor of Schinnerer. In its order, the county court concluded that the agreement between Nebraska Diamond and Schinnerer was void because it circumvented the statutory language of the Wage Payment Act. Nebraska Diamond argues that it did not owe Schinnerer commissions at the time of her termination. Nebraska Diamond relies on the language in the employment agreement and its employment policies and claims that Schinnerer was not eligible to earn commissions; therefore, no commissions were subject to the definition of wages in the Wage Payment Act.
The Wage Payment Act permits an employee to sue his or her employer if the employer fails to pay the employee's wages as they become due. See § 48-1231. At the times relevant to this case, § 48-1229(4) defined commissions as wages in the following respect:
Wages means compensation for labor or services rendered by an employee ... when previously agreed to and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis. Wages includes commissions on all orders delivered and all orders on file with the employer at the time of termination of employment less any orders returned or canceled at the time suit is filed.
This section was amended in 2007, but the parties agree that the above-quoted statutory language is the operative language in this case.
In Moore v. Eggers Consulting Co., 252 Neb. 396, 562 N.W.2d 534 (1997), we considered a case under the version of the Wage Payment Act which controls this case. In Moore, we addressed the issue of when commissions are owed to an employee who is subject to an employment agreement that conflicts with the language of the Wage Payment Act. In Moore, Brad J. Moore's job title was personnel recruiter, *355 and his duties included solicitation of, consultation with, and placement of employee prospects. Moore filed suit seeking commissions on accounts he placed prior to terminating his employment with Eggers Consulting Company (Eggers). Eggers argued that it did not owe Moore the commissions he sought, based on an employment agreement which stated:
"Employee shall be entitled only to those commissions which are due and payable on the final day of employment. A commission is due and payable upon collection of the fee from the client. No commission shall be paid to the Employee until such time as the client pays the commission and the [client] begins employment."
Id. at 405, 562 N.W.2d at 541.
In addressing Eggers' argument, this court observed that the statute clearly stated that wages include commissions on all orders "on file" with the employer at the time of termination. Id. The statute did not require that orders on file be fully paid at the time of termination. Based on this statutory language, this court concluded that the employment agreement at issue was an attempt to circumvent the statutory language requiring payment of commissions and was therefore void. Id.
Our reasoning in Moore is applicable to this case. The evidence in this case includes two documents relevant to our analysis. The first, entitled "Rules Regulating Sales Staff Commissions," states:
A salesperson is eligible to earn a commission on an account, business or sale written only when the account, business or sale generating the commission is paid in full and only if the salesperson is employed by the company at the time the account, business or sale generating the commission is paid in full.
The second document, entitled "Nebraska Diamond Employment Policies," includes similar language.
Based on the language quoted above and the facts of this case, Nebraska Diamond attempts to distinguish the present appeal from Moore. Nebraska Diamond contends that under the language in its documents, Schinnerer was not eligible to earn a commission until the sale was paid in full and that therefore, where Schinnerer was ineligible to earn a commission, it follows that she could never earn a commission on a sale which was not completely paid at the time of termination of employment. According to Nebraska Diamond's argument, because Schinnerer was not eligible to earn the commissions, and because Schinnerer never earned the commissions, the commissions at issue were effectively not "on file" at the time of termination of employment and were not wages under the Wage Payment Act.
We are not persuaded by Nebraska Diamond's argument and conclude that the language upon which it relies is inconsistent with, and merely a device to avoid the payment of wages due under, the applicable Wage Payment Act. We are aware of the difference in the language of the agreement in Moore v. Eggers Consulting Co., 252 Neb. 396, 562 N.W.2d 534 (1997), and the documents in the present case; however, the distinction is of no legal consequence. We recognize Nebraska Diamond's efforts to deem its employees ineligible for commissions; however, the facts remain that the orders generated by Schinnerer at issue were "on file" at the time of Schinnerer's termination of employment and that commissions thereon were owed to Schinnerer as wages under § 48-1229(4) of the Wage Payment Act. We will not honor Nebraska Diamond's attempt to avoid the Wage Payment Act. The language of the agreement upon which *356 Nebraska Diamond relies is void as a violation of the Wage Payment Act. See Moore, supra.
We conclude that based on the clear language of the Wage Payment Act and our holding in Moore, the county and district courts properly concluded that Nebraska Diamond's employment agreement and policies containing the challenged language are void. Therefore, we affirm the grant of partial summary judgment in favor of Schinnerer and the denial of summary judgment in favor of Nebraska Diamond.

The District Court Properly Affirmed the County Court's Damages Award.
Nebraska Diamond assigns as error the district court's affirmance of the county court's calculations of the amount of commissions actually owed Schinnerer. Nebraska Diamond claims that the calculations are too speculative for an award of damages.
In a case brought under the Wage Payment Act, we stated that damages need not be proved with mathematical certainty; however, damages cannot be established by evidence which is speculative and conjectural. Gagne v. Severa, 259 Neb. 884, 612 N.W.2d 500 (2000).
In this case, the county court held a bench trial to determine the amount of commissions owed to Schinnerer under the definition of commissions in the Wage Payment Act. At trial, Schinnerer introduced the actual invoices of the 38 accounts for which she claimed commission. Nebraska Diamond claimed that 19 of the 38 "invoices" were canceled prior to January 13, 2005, the date Schinnerer filed suit. However, Nebraska Diamond's store manager testified that the remaining 19 contracts were not canceled as of January 13.
As to the 19 invoices that Nebraska Diamond alleged were canceled, Schinnerer presented evidence at trial that Nebraska Diamond collected and retained money on 17 of those contracts. The evidence showed that on 7 of the alleged canceled accounts, the full purchase price was recovered and that on the 10 remaining contracts, Nebraska Diamond retained some of the purchase price on those accounts. Therefore, following the bench trial, the county court entered its order finding that Schinnerer was entitled to a full commission on the 19 orders on file when she was terminated as a sales associate for Nebraska Diamond and on the 7 alleged canceled accounts for which the full purchase price was ultimately recovered. Of the 10 remaining contracts that Nebraska Diamond alleged were canceled, the court concluded that Schinnerer was due commissions on the amount recovered and retained by Nebraska Diamond. Based on these findings, the county court found that Schinnerer was due $4,878.15 in commissions. The district court affirmed the award.
The record shows that the county court's findings were not based on speculation and conjecture, but, rather, were supported by competent evidence presented at trial and were neither arbitrary, capricious, nor unreasonable. The district court reviewed the county court's decision for error on the record pursuant to Neb. Rev.Stat. § 25-2733(1) (Cum.Supp.2006) and issued its eight-page opinion. Upon our review, we conclude that the district court's affirmance of the award was not in error.

Schinnerer Was Properly Awarded Attorney Fees.
Finally, Nebraska Diamond argues that the awards of attorney fees by the county and district courts were excessive. The county court awarded $9,255, and the district court awarded $3,000. We find no error in the awards of these attorney fees.
*357 Section 48-1231 of the Wage Payment Act states in part:
If an employee establishes a claim and secures judgment on the claim, such employee shall be entitled to recover (1) the full amount of the judgment and all costs of such suit and (2) if such employee has employed an attorney in the case, an amount for attorney's fees assessed by the court, which fees shall not be less than twenty-five percent of the unpaid wages.
Schinnerer established a claim for unpaid wages and was entitled to attorney fees of not less than 25 percent of the unpaid wages under § 48-1231.
The county court explained that its award of attorney fees was based on the nature of the proceedings, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited at trial, the results obtained in the suit, the character and standing of Schinnerer's attorney, and the customary charges by attorneys for similar services. The district court reviewed the proceedings in the county court, considered the 16 assignments of error and issued its opinion affirming the order of the county court in all respects, and awarded attorney fees.
While Nebraska Diamond points us to other cases under the Wage Payment Act where the plaintiffs were awarded a lower percentage of fees than were awarded in this case, it does not otherwise indicate how the attorney fees awarded in this case were in error. There is nothing in the record to indicate that the county court or the district court abused its discretion in awarding a fee greater than the minimum 25 percent of the judgment, and we therefore affirm the awards of attorney fees in the county and district courts.

CONCLUSION
For the reasons recited above, we conclude that Nebraska Diamond's policies regarding paying commissions upon termination of employment were void because they circumvented the statutory language of the Wage Payment Act in effect during the relevant timeframe. The district court was not in error when it affirmed the county court's findings with respect to the amount of the commissions actually owed Schinnerer, and the county and district courts properly awarded Schinnerer attorney fees and costs. Therefore, we affirm.
AFFIRMED.
WRIGHT, J., not participating.