Centurion Stone of Nebraska, appellee,
v. Lawrence Whelan and Jane
Whelan, appellants.

___ N.W.2d ___

Filed June 21, 2013.    No. S-12-1022.

1. **Courts: Appeal and Error.** The district court and higher appellate courts gener-
   ally review appeals from the county court for error appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appear-
   ing on the record, the inquiry is whether the decision conforms to the law,
   is supported by competent evidence, and is neither arbitrary, capricious, nor
   unreasonable.
3. ____: ____. In instances when an appellate court is required to review cases for
   error appearing on the record, questions of law are nonetheless reviewed de novo
   on the record.
4. **Records: Appeal and Error.** It is incumbent upon the appellant to present a
   record supporting the errors assigned; absent such a record, an appellate court
   will affirm the lower court's decision regarding those errors.

Appeal from the District Court for Douglas County, Thomas
A. Otepka, Judge, on appeal thereto from the County Court for
Douglas County, Craig Q. McDermott, Judge. Judgment of
District Court reversed, and cause remanded with directions.

Lawrence G. Whelan and Dennis G. Whelan, of Whelan
Law Office, and Dana C. Bradford III, of Bradford & Coenen,
L.L.C., for appellants.

Joseph J. Skudlarek for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

After having judgment entered against them by the county
court, Lawrence Whelan and Jane Whelan appealed to the
district court, acting as an intermediate court of appeals. As
part of that appeal, the Whelans offered into evidence the bill
of exceptions created before the county court. Subsequent to
the appeal hearing, the district court became aware that the
county court's bill of exceptions was incomplete. Due to the

incomplete bill, the district court reviewed only the pleadings and affirmed the judgment of the county court. The Whelans appeal. We reverse, and remand with directions.

## BACKGROUND

The Whelans entered into a contract for services and supplies with Centurion Stone of Nebraska (Centurion Stone). Disputes arose surrounding the contract. Centurion Stone filed suit against the Whelans for breach of contract and quantum meruit, seeking $15,973.58. The Whelans filed a counterclaim. Following a jury trial, judgment was entered for Centurion Stone and against the Whelans in the amount of $8,256.75.

The Whelans appealed this judgment to the Douglas County District Court. At a hearing before the district court, the Whelans asked the district court to take judicial notice of the county court transcript and offered exhibit 1, which was the bill of exceptions of the proceedings before the county court.

Subsequently, Centurion Stone filed a motion to dismiss the Whelans' appeal and pointed out the incompleteness of the bill of exceptions, specifically that tape 17 had been lost and, with it, several hours of testimony. A hearing was held on that motion on July 19, 2012. During the hearing, Lawrence, who is a licensed attorney representing himself and his wife, Jane, acknowledged that as of the date of the appeal hearing, he was aware of certain deficiencies in county court record.

After taking the matter under advisement, the district court entered an order stating:

> Our Supreme Court has held that it is "incumbent upon the Appellant to present a record which supports the errors assigned." [Citation omitted.] Their opportunity to do so was at the time of the appeal which they instituted and they did not. Rather, knowing that the Bill of Exceptions (Ex. 1) was not complete before the hearing, Appellants marked and offered it as an exhibit, representing it as the complete record and asked this Court to rely upon it and reverse the County Court.

The district court then reviewed the pleadings and concluded that they supported the county court's judgment. The district court also noted that the Whelans' statement of errors was filed out of time, but noted that even if the late statement of errors was allowed, the record still did not support the Whelans' appeal.

## ASSIGNMENTS OF ERROR

The Whelans assign that the district court erred in (1) failing to order the county court to complete the record or, in the alternative, to remand the case to the county court for a new trial, and (2) finding that the pleadings supported the judgment of the county court.

## STANDARD OF REVIEW

[1,2] The district court and higher appellate courts generally review appeals from the county court for error appearing on the record.[1] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

[3] However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.[3]

## ANALYSIS

[4] We turn first to the Whelans' contention that the district court erred when it failed to remand this case to the county court for a new trial. As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.[4] We have applied this rule against appellants in situations where the

---

[1] *Schinnerer v. Nebraska Diamond Sales Co.*, 278 Neb. 194, 769 N.W.2d 350 (2009).

[2] *Id.*

[3] *Id.*

[4] *Intercall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012).

appellant has failed to properly create or request the record before the trial court by simply examining whether the pleadings supported the trial court's judgment.[5]

But the rule is different where the fault for the lack of an appellate record cannot be assigned to the parties. In *Terry v. Duff*,[6] the court was unable to locate the bill of exceptions. Though it was unclear whether the bill had been lost by the clerk of the court or by one or other of the parties, this court vacated the trial court's judgment and remanded the cause for a new trial. And in *State v. Slezak*,[7] the lack of a bill of exceptions was attributed to the court reporter. We remanded the cause to the district court with directions to order the county court to prepare a new bill.[8] And quite recently, in *Hynes v. Good Samaritan Hosp.*,[9] this court vacated a judgment and remanded the cause for a new trial when, through no fault of the parties, none of the testimony presented by the defendant was preserved for appellate review.

In this case, the parties agree that the incomplete record was the fault of the county court. Moreover, the district court was informed and aware of the incomplete record prior to reaching its decision. The district court should have ordered the county court to file a complete bill of exceptions by any manner deemed appropriate by the county court, including, if necessary, holding a new trial in the county court. The district court's failure to do so was error.

---

[5] See, e.g., *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997) (bill not part of appellate record); *Latenser v. Intercessors of the Lamb, Inc.*, 245 Neb. 337, 513 N.W.2d 281 (1994) (bill incomplete); *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988) (bill incomplete); *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979) (no bill of exceptions created); *Boosalis v. Horace Mann Ins. Co.*, 198 Neb. 148, 251 N.W.2d 885 (1977) (bill incomplete); *Rhodes v. Johnstone*, 191 Neb. 552, 216 N.W.2d 168 (1974) (no bill created or praecipe filed); *Jones v. City of Chadron*, 156 Neb. 150, 55 N.W.2d 495 (1952) (no bill created or authenticated).

[6] *Terry v. Duff*, 246 Neb. 11, 516 N.W.2d 591 (1994).

[7] *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988).

[8] *Id*. See, also, *State v. Benson*, 199 Neb. 549, 260 N.W.2d 208 (1977).

[9] *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, ___ N.W.2d ___ (2013).

We reverse, and remand with directions to the district court to order the county court to file a complete bill of exceptions with the district court or, in the alternative, to hold a new trial. As such, we need not address the Whelans' second assignment of error.

## CONCLUSION

The order of the district court affirming the judgment of the county court is reversed, and the cause is remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.

MILLER-LERMAN, J., participating on briefs.