IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

LESSER V. EAGLE HILLS HOMEOWNERS' ASSN.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NICK LESSER, ALSO KNOWN AS KLAUS LESSER, APPELLANT,
V.
EAGLE HILLS HOMEOWNERS' ASSOCIATION, INC., APPELLEE.

Filed January 7, 2014.    No. A-13-126.

Appeal from the District Court for Sarpy County, MAX KELCH, Judge, on appeal thereto from the County Court for Sarpy County, JOHN F. STEINHEIDER, Judge. Judgment of District Court reversed and cause remanded with directions.

Douglas W. Ruge, P.C., L.L.O., for appellant.

Steven G. Ranum and Scott D. Jochim, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee.

INBODY, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Nick Lesser, also known as Klaus Lesser, appeals from the Sarpy County District Court for the second time. He generally argues that the district court erred in affirming the county court's ruling in favor of Eagle Hills Homeowners' Association, Inc. (Eagle Hills). Finding that the district court erred in concluding that the county court's decision was supported by competent evidence and erred in affirming the county court's order, we reverse and remand with directions.

## BACKGROUND

Eagle Hills is a nonprofit Nebraska corporation. Lesser is a member of Eagle Hills, and at the time in question, he served as the vice president of the Eagle Hills board of directors. Eagle

Hills' original bylaws provided that the bylaws may be modified or amended by the board of directors or by the majority vote of members at any annual, regular, or special meeting.

At a board of directors meeting on April 5, 2011, the directors approved amendments to the bylaws by a vote of 5 to 3. The amended bylaws included a provision entitled "Invalidity," stating, "The invalidity of any part of these [b]ylaws shall not impair or affect in any manner the validity or enforceability of the remaining provisions."

The amended bylaws also required that the bylaws be recorded with the Sarpy County register of deeds. Pursuant to this newly added obligation, on April 14, 2011, Lesser filed the amended bylaws with the register of deeds and paid the $284 filing fee using his personal funds. He then requested reimbursement of the filing fee from the Eagle Hills board of directors, but his request was denied.

Lesser then filed a small claims action against Eagle Hills in the county court for Sarpy County, seeking $284 in damages. After a hearing in county court, the court ruled in favor of Eagle Hills. Lesser appealed to the district court, which determined that the record was insufficient for appellate review because the county court had not made any factual findings or provided any reasoning for its decision. Lesser then appealed to this court. We reversed, and remanded, concluding that the district court had failed to meet its duty on appellate review and that the record was sufficient for review. See *Lesser v. Eagle Hills Homeowners' Assn.*, 20 Neb. App. 423, 824 N.W.2d 77 (2012).

On remand, the district court issued a new order after reviewing the record and the county court's decision. In the district court's second order, it concluded that the amended bylaws were void in their entirety because one of the amendments attempted to increase the necessary vote of members to amend the bylaws but was not put to a vote of the members as required by the Nebraska Nonprofit Corporation Act. As such, the court concluded that Lesser could not recover the filing fees for recording the amended bylaws.

The district court also found that Lesser acted without an affirmative directive by the board authorizing him to file the bylaws. The district court noted, however, that Lesser "could argue that the amended bylaws provide that they are to be recorded and, therefore, the bylaws do authorize his filing of the amended bylaws"; but the court "could not locate a savings clause in either the Nebraska Nonprofit Corporation Act or the original bylaws that would allow only specific sections of the amended bylaws to be voided and other sections to remain effective." Accordingly, the district court affirmed the judgment of the county court. Lesser now appeals to this court again.

## ASSIGNMENTS OF ERROR

Lesser assigns that the district court erred in (1) affirming the judgment of the county court that Lesser should not be reimbursed for his expenditure, (2) finding that it could not locate a "saving clause" within the original bylaws, and (3) characterizing Lesser as "'president of the board'" and finding that the president acts by direction of the entire board.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Centurion Stone of Neb. v. Whelan*, 286 Neb. 150, 835

N.W.2d 62 (2013). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

ANALYSIS

Because the analysis of all of Lesser's assignments of error is the same, we address them together. Lesser argues that the district court erred in affirming the county court's judgment in favor of Eagle Hills because the bylaws were properly amended, there was a "saving clause" rendering any void provisions severable from other provisions, and the board implicitly approved the expenditure of funds when it approved the recordation requirement. We agree.

The management and internal affairs of a voluntary association are governed by its constitution and bylaws, which constitute a contract between the members of the association. *Regency Homes Assn. v. Schrier*, 277 Neb. 5, 759 N.W.2d 484 (2009). If the language of the association's agreement is unambiguous, it shall be enforced according to its plain language. *Id.*

Neither of the parties claims that the bylaws are ambiguous, nor do we find them to be. Rather, Eagle Hills argues that the amended bylaws were void in their entirety because one amendment sought to increase the necessary vote of members to amend the bylaws in contravention of Neb. Rev. Stat. § 21-1962(b) (Reissue 2012). This statute states that "[a] bylaw amendment to increase or decrease the vote required for any member action must be approved by the members."

While it is true that the board of directors could not amend any bylaw that changed the vote required for any member action without member approval, the original bylaws provided that the bylaws may be modified or amended by the board of directors or by the majority vote of members at any annual, regular, or special meeting. Therefore, the board of directors had authority to amend the bylaws in general. Certain provisions of the amended bylaws may not be valid, however, if they required member approval. We specifically found that one amendment was, in fact, void in a related case, *Lesser v. Eagle Hills Homeowners' Assn.*, No. A-12-766, 2013 WL 2106769 (Neb. App. Apr. 16, 2013) (selected for posting to court Web site).

Nonetheless, contrary to the district court's finding, the validity of the entirety of the amended bylaws is not affected because the amended bylaws provide that the invalidity of any part of the bylaws does not affect the validity or enforceability of the remaining provisions. As a result, the amended bylaw requiring recordation with the register of deeds is enforceable.

Based on the fact that the board of directors voted to approve this amendment, we conclude that the board of directors implicitly approved expending association funds to meet this requirement. Lesser, as vice president of the board of directors, had the authority to record the bylaws and is therefore entitled to reimbursement for payment of the filing fee. Because we find that the district Court erred in concluding that the county court's decision was supported by competent evidence and erred in affirming the county court's order, we reverse.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the district court and remand the cause with directions for the district court to remand the matter to the county court to enter judgment in favor of Lesser in the amount of $284.

R EVERSED AND REMANDED WITH DIRECTIONS.