IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

A. RAYMOND PLUMBING V. EGGERS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

A. RAYMOND PLUMBING, INC., APPELLEE,

V.

JAMES EGGERS, APPELLANT.

Filed March 31, 2015.    No. A-14-106.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge, on appeal thereto from the County Court for Douglas County: MARCELA A. KEIM, Judge. Judgment of District Court affirmed.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Martin A. Cannon, of Cannon Law Office, for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

James Eggers received a judgment in the county court for Douglas County for damages in a breach of contract action. The district court for Douglas County affirmed the county court's award of sanctions and costs, but remanded the matter to the county court for a retrial on the issue of damages. Eggers appeals the decision of the district court, and for the reasons that follow, we affirm.

## BACKGROUND

James Eggers (Eggers) hired A. Raymond Plumbing (Raymond) to complete certain plumbing work in connection with the construction of a home. Raymond provided a bid to

complete the custom work for a total of $19,124. After completing a portion of the plumbing work, Raymond invoiced Eggers for approximately ninety percent of the total bill and demanded payment before the company would proceed with any further work. Eggers rejected the demand because he found Raymond's work was inadequate and Raymond had not completed ninety percent of the work. Eggers made a demand that Raymond complete the work set forth under the original bid, but Raymond did not return to the work site.

Eggers sought performance from a substitute contractor, Backlund Plumbing. Backlund found some of the items were unfinished or were defectively installed by Raymond. Backlund corrected the defective plumbing and completed the work Raymond was contracted to do. Backlund billed Eggers for a total of $14,537.

On August 29, 2011, Raymond filed a complaint in the county court for Douglas County against Eggers for breach of contract. Raymond's complaint asserted that Eggers failed to pay for plumbing work at Eggers' home in Omaha.

On September 28, 2011, Eggers filed an answer and counterclaim asserting that he hired Raymond to perform construction work, but Raymond failed to complete the work in a good and workmanlike manner. Eggers asserted that he had to contract with a different company to correct the deficiencies in Raymond's work, and he suffered damage due to the increased costs of completing the work. Raymond did not file an answer in response to the counterclaim.

The county court set a trial date for May 23, 2012. Eggers timely complied with the county court's orders regarding exhibits, witness lists, and other pretrial submissions. Raymond did not comply with the order.

On May 23, 2012, both parties appeared with counsel for trial before the county court. Prior to the commencement of trial, Eggers filed a motion in limine based upon Raymond's failure to comply with the pretrial order. The court noted Raymond had not timely responded to any of Eggers' discovery requests, Raymond had not filed an answer to Eggers' counterclaim, nor had Raymond timely complied with any of the court's pre-trial orders. Raymond acknowledged the failure to respond, and made a motion to continue prior to trial. Raymond's counsel stated that his practice got very busy with another case and he was unable to complete the necessary work for Raymond prior to trial. The court stated the trial would be continued over Eggers' objection.

On May 31, 2012, the court submitted a written order finding Raymond was in violation of the pretrial order and that Eggers had complied with the order. The county court stated that granting Eggers' motion in limine would prohibit Raymond from proceeding on its claim, and would also bar Raymond from introducing any evidence to rebut the counterclaim. The county court denied Eggers' motion in limine, continued the case to the next civil panel, set a date for a new pretrial hearing, and granted Eggers leave to file a motion for sanctions. The order set the case for trial on August 9, 2012.

By the time of trial on August 9, Raymond still had not filed a reply to Eggers' counterclaim, despite having received notice from the court that the reply was in default. The county court issued a pretrial order on August 17, 2012 setting the trial for September 12.

On September 12, Raymond moved to file an answer to the counterclaim and the court denied the motion. The court found Raymond was in default and had not shown good cause to file a reply out of time, especially in light of the court's prior admonition that there was no reply or

answer on file. Raymond moved to voluntarily dismiss its complaint against Eggers, without prejudice, and the court granted Raymond's motion over Eggers' objection.

At trial Eggers adduced evidence on his counterclaim. He testified that he made a cash partial payment toward the bid in the amount of $3,300. The parties agreed that Eggers would receive a 10 percent discount if he paid in cash, so he was to receive $3,360 as credit toward the final bill. The parties also bartered for guttering services which entitled Eggers to an additional $1,088 in credit. Eggers testified that he paid Backlund to complete the project. The county court did not allow Raymond's counsel to cross-examine Eggers on the issue of damages or put on evidence regarding the issue of damages.

On November 7, 2012, the county court issued an order finding it was undisputed that Raymond and Eggers entered into an agreement wherein Raymond was to perform plumbing services at a residential property owned by Eggers. The county court found Raymond defaulted on its contractual obligations and had not performed its responsibilities under the contract in a good and workmanlike manner. The court reviewed the testimony and exhibits offered regarding damages alleged in the counterclaim. The county court awarded damages in the amount of $14,537. The court further ordered Raymond to pay costs in the amount of $311.06, but declined Eggers' request for attorney fees. The court ordered sanctions in the amount of $1,000 against Raymond's counsel.

Raymond filed a motion to alter or amend, or for new trial, and the county court denied the motion. Raymond appealed the county court's order to the district court. The bill of exceptions was filed on February 15, 2013, and Raymond filed a statement of errors on February 26. Eggers filed a motion for summary affirmance because of Raymond's failure to file a statement of errors within 10 days. The district court overruled the motion and issued an order on August 7, 2013, vacating the judgment of the county court. Eggers moved to alter the district court's order and to request reconsideration and rehearing.

On January 7, 2014 the district court issued an order amending the August 7, 2013 ruling. The district court affirmed the $1,000 sanction against Raymond's counsel and the award of costs, but concluded the county court erred in its assessment of damages. The district court remanded the case for a retrial on the issue of damages.

Eggers timely appealed the district court's decision.

ASSIGNMENTS OF ERROR

Eggers asserts it was error for the district court to reverse the county court's determination of damages, and for the district court to order a retrial on the issue of damages.

STANDARD OF REVIEW

A suit for damages arising from breach of contract presents an action at law. *Stauffer v. Benson,* 288 Neb. 683, 850 N.W.2d 759 (2014).

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Centurion Stone of Nebraska v. Whelan,* 286 Neb. 150, 835 N.W.2d 62 (2013). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* However, in instances when an appellate court is

required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.

## ANALYSIS

In this case, the district court reviewed the findings of the county court. The district court affirmed the award of fees and sanctions, but vacated the award of damages, and remanded the matter of damages for a retrial. Eggers appeals the decision of the district court asserting that the district court erred in finding error on the record, and erred in remanding the case for a retrial on the issue of damages.

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. *Black v. Brooks,* 285 Neb. 440, 827 N.W.2d 256 (2013). In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Elting v. Elting,* 288 Neb. 404, 849 N.W.2d 444 (2014).

The Nebraska Statutes provide that the district court "shall review the case for error appearing on the record made in the county court. The district court shall render a judgment which may affirm, affirm but modify, or reverse the judgment or final order of the county court." Neb. Rev. Stat. § 25-2733(1).

Eggers' counterclaim specifically alleged that "Plaintiff did not complete the work in a good and workmanlike manner, requiring Defendant to contract with alternate laborers to correct the deficiencies left by Plaintiff." The counterclaim also alleged that as a result of Raymond's breach, "Defendant has been damaged in that the performance called for under the agreement with Plaintiff has been and will be done by others at a great increase in cost to Defendant in an amount to be proven at trial." Raymond's failure to file an answer to Eggers' counterclaim, and the failure to comply with pretrial orders led to the allegations in the counterclaim being deemed admitted at trial.

At trial, the county court received Eggers' evidence of the amount paid to Backlund to complete the work on Eggers' property. However, Eggers did not offer evidence regarding which portions of the work Raymond failed to complete in a good and workmanlike manner, and he did not specify what deficiencies were caused by Raymond. Eggers did not testify regarding the amount of the work done by Backlund which was directed toward fixing the work that was considered substandard. Eggers did not address how much work remained to complete the job that was contemplated in the original contract with Raymond. There is no evidence in the record to show whether any additional work was done by Backlund that was not included in the contract with Raymond.

At trial, Raymond's counsel indicated that while the court had deemed the allegations in the counterclaim admitted, it was still Eggers' burden to prove the damages he had sustained as a result of Raymond's breach. The county court refused Raymond's attempts to cross-examine Eggers on the issue of damages. Ultimately, the county court awarded damages to Eggers in the amount of $14,537, which was equal to the total amount due to Backlund for the work Backlund completed.

In a breach of contract case, the ultimate objective of a damages award is to put the injured party in the same position he or she would have occupied if the contract had been performed, that is, to make the injured party whole. *Centurion Stone of Nebraska v. Trombino,* 19 Neb. App. 643, 812 N.W.2d 303 (2012). One injured by a breach of contract is entitled to recover all its damages, including the gains prevented as well as the losses sustained, provided the damages are reasonably certain and such as might be expected to follow the breach. *Gary's Implement v. Bridgeport Tractor Parts, Inc.*, 281 Neb. 281, 799 N.W.2d 249 (2011). While damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. *Id.*

Upon review, the district court noted the only evidence relative to damages were the invoices incurred to "complete" the plumbing job. The district court found that monies paid by Eggers to Backlund to complete the work were not recoverable damages because they included costs Eggers would have been obligated to pay to Raymond if Raymond had completed the work.

Eggers testified that the total amount he agreed to pay Raymond was $19,124 for all of the plumbing work. The evidence shows that Eggers paid approximately $3,300 to Raymond and was entitled to a credit of $3,630 as there was a discount applied for paying in cash. Eggers may also have received a credit for work the parties bartered for, but it is unclear from the record whether the guttering work was actually completed. Eggers did not make any further payments to Raymond. The county court ordered the entirety of Backlund's bill, $14,537, to be paid by Raymond.

If the ultimate objective of a damages award is to put the injured party in the same position he or should would have occupied if the contract had been performed, then Eggers would certainly be entitled to the costs incurred to repair Raymond's deficient work, as well as the costs incurred to hire a substitute laborer to complete the contracted work at an increased cost. Eggers would not be entitled to any extra work Backlund completed that was not part of the original contract. As the county court prevented Raymond from cross-examining Eggers or calling witnesses regarding damages, the only evidence in the record is the total bill for Backlund's services. As the district court discussed, the evidence provided by Eggers at trial was insufficient to show what damages were incurred as a result of the breach.

When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* We find the district court did not err in noticing errors in the record which occurred before the county court. Thus we also find it was not error to vacate the award of damages and remand the issue for a determination of what damages Eggers incurred as a result of Raymond's breach.

## CONCLUSION

We affirm the determination of the district court vacating the award of damages and remanding the matter to the county court for a retrial on the issue of damages.

AFFIRMED.

- 5 -